UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 16-130-HRW

JIMMY FRANKLIN FLETCHER,                                                    PLAINTIFF,

v.                      **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits in April 2013, alleging disability due to incontinence, nerve damage in his groin area, herniated discs in his back, a stomach hernia, chipped ankle bones, a torn rotator cuff, migraine headaches, depression, and anxiety (Tr. 306, 353, 388).. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge William Wallis (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Dennis Duffin, a vocational expert

(hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from disorder of the back, migraine headaches, history of right shoulder trauma and strain, affective / mood disorder and anxiety disorder, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

2

The ALJ further found that Plaintiff could perform his past relevant work, and, further, but determined that he has the residual functional capacity to lift, carry, push, pull 20 pounds occasionally, 10 pounds frequently; stand and or walk six hours in an eight-hour workday, could also sit six hours in an eight-hour workday; occasionally climb ramps and stairs, could never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; occasionally reach overhead with the dominant right upper extremity; avoid concentrated exposure to cold and vibrations and avoid all exposure to heights and moving machinery; understand, remember, and carry out simple tasks and instructions; sustain concentration, attention, and persistence on simple tasks for two-hour periods; interact occasionally with supervisors and co-workers but never with the general public; and respond appropriately to routine workplace changes with reasonable support.

Accordingly, the ALJ found Plaintiff not to be disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler,*

745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff maintains that the ALJ did not properly evaluate the opinions from the medical sources in the record.

When evaluating medical opinions, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the doctor treated the claimant, the evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. 20 C.F.R. § 416.927( c).
Generally, a treating physician's opinion is entitled to more weight and an ALJ must give good reasons for discounting the opinion. 20 C.F.R. §§ 416.902, 416.927(c)(2); *See also, Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). An examining physician's opinion, however, is not entitled to any special deference or consideration. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). Moreover, an ALJ may discount a physician's opinion, treating or otherwise, when the physician does not provide objective medical evidence to support his or her opinion or if the doctor's opinion is inconsistent with the record as a whole. 20 C.F.R. § 416.927( c). In addition, although a physician's opinion about what a claimant can still

4

do or the claimant's restrictions may be relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. 20 C.F.R. §§ 416.912(b)(2), 416.913(b)(6), 416.927(d)(2), 416.945(a)(3), 416.946( c).

Plaintiff argues that the ALJ improperly discounted the opinion of his treating physician, Charles Hardin, M.D.

On February 5, 2015, Dr. Hardin completed a medical assessment and opined that Mr. Fletcher could stand and walk less than 2 hours in an 8-hour day, sit less than 2 hours in an 8 hour day, occasionally lift 5 pounds, occasionally use the right and left hand, never bend and stoop, and occasionally balance and climb stairs. (Tr. 933).

The ALJ discussed Dr. Hardin's opinion and found that it was not supported by his treatment notes or by the other medical evidence in the record. As the ALJ sufficiently stated his reasons, and those reasons are bourne out by the record, the Court finds no error in this regard.

Plaintiff also contends that the ALJ did not properly evaluate the examining physicians, Deidre Parsley, D.O. and William, Rigby, Ph.D.

On August 20, 2013, Dr. Parsley examined Plaintiff at the request of the state agency (Tr. 774-82). Plaintiff complained of nerve damage from testicular surgery, back pain, migraine headaches, depression, and anxiety (Tr. 774). Dr. Parsley diagnosed chronic lumbalgia; hypertension; morbid obesity; chronic nicotine dependence and chest pain; and nerve damage due to right orchiectomy, herniated discs of the lumbar spine, migraine headaches, depression, anxiety disorder, high cholesterol, mild coronary artery disease, transient ischemic attack, gastric reflux, and hiatal hernia by history (Tr. 780). Dr. Parsley found that Plaintiff did not need assistance getting on or off the examination table or use a handheld assistive device and had negative straight

5

leg raising test on the right, preserved sensation and fine manipulation, and slightly decreased strength throughout (Tr. 780-81). However, he ambulated with a limping gait; had decreased range of motion in his lower back and hips and grip strength; could only squat halfway due to low back pain and walk a few steps on his heels; and could not stand on his right leg, or walk on his toes (Tr. 780-81). She said Plaintiff had an impairment in prolonged sitting, standing, walking, squatting, stooping, crawling, kneeling, and bending (Tr. 781-82). She said he might have impairment to frequent lifting, carrying, and pushing and pulling heavy objects and grasping, gripping, and handling objects, more so with the left hand than the right (Tr. 782).

As the ALJ noted Dr. Parsley only assessed very vague limitations without specific exertional or nonexertional limitations and did not use definitive terms (Tr. 781-82). Therefore, the ALJ did not err in assigning little weight to her opinion.

Doctor Rigby examined Plaintiff at the request of the state agency on August 20, 2013 (Tr. 784-88). Plaintiff complained of depression, anxiety, and panic attacks (Tr. 784). Dr. Rigby found that he was alert, oriented, and cooperative and had intact concentration and attention; average to above average intellectual functioning; and intact memory, but depressed mood and restricted affect (Tr. 785). Dr. Rigby diagnosed panic disorder with agoraphobia and depressive disorder (Tr. 787). Dr. Rigby said Plaintiff had no impairment on understanding, retaining, and following simple instructions, and sustaining concentration and persistence to complete tasks in a normal time (Tr. 787). However, he said he had marked impairment on maintaining social interactions with supervisors, friends, and the public and adapting and responding to the pressures day-to-day work activities (Tr. 787).

The ALJ found Dr. Rigby's opinion was inconsistent with his own report, which, as

6

discussed above, showed that Plaintiff was alert, oriented, and cooperative and had intact concentration and attention; average to above average intellectual functioning; and intact memory (Tr. 785) and assigned a GAF score which indicates only "[s]ome mild symptoms" and that a person is "generally functioning pretty well, [and] has some meaningful interpersonal relationships." *See* 20 C.F.R. § 404.1527(c)(3). Given the inconsistency, the ALJ did not err in assigning his opinion little weight.

Plaintiff further argues that the ALJ erred by not reasonably evaluating the opinion of Jennifer Meyer, Ph.D. a state agency psychologist.

In November 2013, Doctor Meyer reviewed the evidence and said Plaintiff seemed capable of working without excessive supervision or assistance and working with others, and of sustaining attention to complete simple, repetitive tasks for two-hour segments over an eight-hour workday; engaging in brief, structured interactions with others, but seemed best suited for work in settings that required minimal social interaction, especially with unfamiliar persons; and completing simple, repetitive tasks in most settings adapting to simple and gradual changes in the work environment (Tr. 133-51).

Plaintiff asserts that, while the ALJ gave Dr. Meyer's opinions "significant weight," he did not include her opinion that he was limited to "simple, *repetitive* tasks" for two hour segments and was "*best suited for work in settings that require minimal social interaction, especially with unfamiliar persons*" in his residual functional capacity.

The Court is not persuaded that the ALJ's findings do not defer to those of Dr. Meyer. There is nothing facially inconsistent with the ALJ's finding that he could "interact occasionally with supervisors and coworkers, but never the general public" (Tr. 39) and Dr. Meyer's opinion

7

that he was "best suited for work in settings that require minimal social interaction, especially unfamiliar persons" (Tr. 133-51).

Finally, Plaintiff claims that the hypothetical presented to the VE was flawed and, therefore, the VE's response cannot be considered substantial evidence which supports the ALJ's decision. However, the Court finds that the hypothetical accurately portrayed the claimant's abilities and limitations, as required by *Varley v. Secretary of Health and Human Services*, 820 F.2d 777 (6th Cir. 1987) and its progeny. This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 26th day of September, 2017.



**Signed By:**
**Henry R. Wilhoit, Jr.**
**United States District Judge**